CENTRAL CAMBALACHE, RECURRENTE, v. EL REGISTRADOR DE
ARECIBO, RECURRIDO.

RECURSO gubernativo contra el Registrador de la Propiedad
de Arecibo denegando la inscripción en parte de una
escritura de hipoteca voluntaria.

No. 228.—Resuelto en julio 23, 1915.

COMPRAVENTA—PARTICIPACIONES EN COMÚN Y PROINDIVISO—INSCRIPCIÓN EN EL
REGISTRO—DUEÑO ÚNICO.—Cuando una finca pertenece a hermanos en común
y proindiviso a título de herencia, y uno de ellos compra a los demás sus
participaciones inscribiéndose el documento en el registro, los derechos de los
distintos condueños quedan desde el momento de la compra reunidos en una
sola persona, el comprador, y, por tanto, éste como único dueño de la finca.

HIPOTECAS—INSCRIPCIÓN A NOMBRE DEL HIPOTECANTE—CONDUEÑOS.—No puede
negarse la inscripción de una hipoteca por el solo fundamento de no estar
inscrita la finca a nombre del hipotecante, cuando del mismo registro aparece
haberse reunido en él todos los derechos de los distintos condueños. El que
es dueño de todas las distintas porciones de una finca es dueño de toda ella

Los hechos están expresados en la opinión.

Abogado de la recurrente: Sr. *Félix Santoni.*

El registrador recurrido, Sr. José Marcial López, compareció en nombre propio.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Durante el matrimonio de don Bartolomé Saavedra y doña
Evarista Soler adquirió la esposa por título de compra una
finca que fué inscrita a su nombre con el número 175 en el
Registro de la Propiedad de Arecibo en el tomo tercero de
Quebradillas, folio 111.

Muertos ambos consortes y habiendo sido declarados sus
herederos sus ocho hijos, fué inscrita a favor de todos en
común proindiviso por título de herencia y más tarde a favor
del heredero José Quintiliano Saavedra Soler por compra
que hizo a los demás hermanos de sus participaciones indivisas, haciendo constar el registrador en esta inscripción que
quedaba sujeta al resultado de la liquidación de la sociedad
conyugal llevada por los expresados consortes.

Posteriormente se presentó en el registro para inscripción la escritura de 31 de julio de 1914 por la que José Quintiliano Saavedra hipotecó esa finca y otra más a favor de la Central Cambalache.

El registrador, según la nota puesta al pie del documento, inscribió la hipoteca pero entendiéndose la inscripción respecto a la finca No. 175 tan sólo sobre los derechos hereditarios que sobre ella tiene registrados el hipotecante, quedando sujeta esa inscripción al resultado de la liquidación de la sociedad conyugal llevada por los consortes don Bartolomé Saavedra Espinosa y doña Evarista Soler Lassalle y fundándose en el artículo 20 de la Ley Hipotecaria negó la inscripción en cuanto a la totalidad de la finca por no estar registrada a favor de dicho hipotecante, tomando en su lugar anotación preventiva. Contra esa nota interpuso la Central Cambalache el presente recurso gubernativo con súplica de que ordenemos la inscripción.

Según el registro, la finca en cuestión pertenecía a los hermanos Saavedra-Soler por título de herencia en común y proindiviso, pero desde el momento en que uno de ellos compró los derechos en ella de los demás se reunieron en una sola persona los de los distintos condueños y quedó por tanto como único propietario de ella; y habiendo sido inscrito ese documento, resulta del registro dueño único de ella José Quintiliano Saavedra y no puede por tanto negarse la inscripción de la hipoteca que sobre la finca constituyó a favor de la Central Cambalache por el fundamento de que no está inscrita a su nombre. El que es dueño de todas las distintas porciones de una finca es dueño de toda ella.

La nota recurrida debe ser revocada en cuanto se refiere a la finca número 175 del tomo tercero de Quebradillas y ordenarse la inscripción de la hipoteca en cuanto a la totalidad de ella.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.